THE CONTINENTAL JEWELRY CO. v. AUGUSTA

———

(June 16, 1930. Opinion and Decree.)

———

Arthur B. Leopold, of New Orleans, attorney for plaintiff, appellant.

Raymond Gauche, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit for $204.50, the alleged balance due on a written contract for certain jewelry which the plaintiff sold to the defendant on July 29, 1928. Defendant denied liability, averring that the jewelry was not as represented and

quickly tarnished; that upon notifying the plaintiff that it was impossible to sell such jewelry the plaintiff exchanged the jewelry and replaced it with other articles of jewelry; that on December 24, 1928, plaintiff's agent entered into a settlement whereby defendant returned the remainder of the jewelry and paid the sum of $35 cash, in full settlement of the balance of the claim of $204.50, as evidenced by written receipt and discharge in full. There was judgment dismissing plaintiff's suit and it has appealed.

The record shows that the defendant paid the plaintiff the sum of $72 in installments on account of the indebtedness, but complained, in a letter of November 1, 1928, that the jewelry tarnished and that she had sold the ring to a customer for $5, who returned it because it tarnished within a couple of days and that she was compelled to return him his money. The plaintiff company then substituted other articles of jewelry for that originally shipped to the defendant, and upon further complaint by the defendant the plaintiff's agent called upon her and the matter was compromised by the defendant returning the remainder of the articles and paying the sum of $35 cash. Counsel for plaintiff objected to any evidence as to what the salesman of the plaintiff agreed to do, on the ground that the written contract between plaintiff and defendant limited the authority of the salesman merely to taking orders. It is unnecessary to determine whether or not the agent had authority to effect a settlement with the plaintiff, because we are convinced that the original and substituted articles of jewelry were not as represented and that therefore there was a failure of consideration, and the plaintiff is not entitled to recover.

The judgment appealed from is affirmed.